Carroll,      }
Oct. 3, 1916. }

### WILLIAM Q. HUEY *v.* WEST OSSIPEE MINE INCORPORATED.

A president of a corporation is not impliedly authorized to employ a person as its
  agent to make a sale of the corporate property, so as to render the corporation
  liable to him for a commission.

ASSUMPSIT. Trial by jury and verdict for the plaintiff. The
court, subject to the plaintiff's exception, set the verdict aside
on the ground that while it appeared that the defendants' pres-
ident employed the plaintiff to sell their mine it could not be found
that he was authorized to employ him. The evidence is sufficiently
stated in the opinion.

Transferred from the May term, 1915, of the superior court by
*Pike*, C. J.

*Thomas E. Flanagan* (of Massachusetts) and *Stewart E. Rowe*
(*Mr. Flanagan* orally), for the plaintiff.

*Leslie P. Snow* and *Arthur L. Foote* (*Mr. Snow* orally), for the
defendants.

Neither the president nor a director of a corporation, has any
power to bind it by virtue of his office. *Hilliard* v. *Railroad*, 77
N. H. 129, 131; *Holland* v. *Association*, 68 N. H. 480; *New Boston
Fire Ins. Co.* v. *Upton*, 67 N. H. 469; *Wait* v. *Association*, 66 N. H.
581.

A lease of substantially the whole of the defendant's corporate
property, with an option to purchase, cannot be considered within
the scope of business management. *Mercantile Library Hall Co.*
v. *Pittsburg Library Ass'n*, 173 Pa. St. 30,— 33 Atl. Rep. 744;
*Chicago City Ry. Co.* v. *Allerton*, 18 Wall. 233,— 21 Law ed. *p.* 902;
*Abbott* v. *American Hard Rubber Co.*, 33 Barb. 578; *Rollins* v. *Clay*,
33 Me. 132.

There is no evidence of legal action on the part of the directors.
Such authority could be granted only "either when there is a con-
sultation of all [directors] together and a concurrence of a majority;
or where there is a regular meeting, at which all might be present,
and a majority actually meet, and act by a majority vote."
*Parker*, C. J. in *Despatch Line of Packets* v. *Bellamy Mfg. Co.*, 12
N. H., 205, 227; *Edgerly* v. *Emerson*, 23 N. H. 555; *Atlantic Fire
Ins. Co.* v. *Sanders*, 36 N. H. 252, 269; *Tenney* v. *Lumber Co.*, 43

N. H. 343, 358; *Buttrick* v. *Railroad*, 62 N. H. 413, 418; *Hamlin* v. *Company*, 68 N. H. 292.

The letter is not evidence of authority: *Hilliard* v. *Railroad*, 77 N. H. 129, 131; *Westminster Bank* y. *Electrical Works*, 73 N. H. 465, 481; *Cate* v. *Blodgett*, 70 N. H. 316; *Holland* v. *Laconia B'ld'g &c. Ass'n*, 68 N. H. 480, 481; *Low* v. *Railroad*, 45 N. H. 370, 381.

The only cases in which corporations have been held liable for the acts of their officers on the basis of estoppel may be classified as follows: (1) cases where there is evidence of the same or similar acts, extending over a period of time prior to the act in question, which are known and acquiesced in by the directors and the stockholders: *Eastman* v. *Coös Bank*, 1 N. H. 23, 26; (2) cases where the directors and stockholders know of the very act in question and remain silent when there is a duty to speak: *Glidden* v. *Unity*, 33 N. H. 571; *Tenney* v. *Lumber Co.*, 43 N. H. 343; *Currier* v. *Ins. Co.*, 53 N. H. 538, 551; *Peterborough R. R. Co.* v. *Nashua & L. R. R. Co.*, 59 N. H. 385, 389; or (3) a combination of both: *Goodwin* v. *Union Screw Co.*, 34 N. H. 378, 380; *Nicholas* v. *Oliver*, 36 N. H., 218; *Paphro D. Pike Co.* v. *Baty*, 69 N. H. 453, 457. In all three classes, knowledge and acquiescence on the part of the directors and stockholders is an essential factor: *Smith* v. *Bank*, 72 N. H. 4, 9; *Libby* v. *Land Co.*, 68 N. H. 444, 445; *Tenney* v. *Lumber Co.*, 43 N. H. 343.

Again, acts requiring the exercise of discretion cannot be delegated; therefore the minority are under no obligation to take notice: *Gillis* v. *Bailey*, 21 N. H. 149, 161, 162; *Farmers' Mut. Fire Ins. Co.* v. *Chase*, 56 N. H. 341, 346.

The stockholders were entitled to the consideration of the full board of its directors: *Hamlin* v. *Brass Co.*, *supra*; *Elliot* v. *Abbot*, 12 N. H. 549, 556; *Despatch Line &c.* v. *Bellamy Mfg. Co.*, *supra*.

There is no evidence of ratification,—the gist of which is the deliberate admission by the corporation of its liability and the expression of such admission in words or conduct: *Anderson* v. *Scott*, 70 N. H. 350, 351; *East Newark* v. *New York &c. Co.*, 67 N. J. Eq. 265, —57 Atl. Rep. 1051; *Gallup* v. *County*, 57 Tex. Civ. App. 175,—122 S. W. 291, 296. Ratification must be found on evidence of the intention of the principal either expressed or implied (*Stiebel* v. *Haigney*, 119 N. Y. Supp. 455, 458; *S. C.* 133 N. Y. App. Div. 897), a necessary step to which is a full knowledge of all the circumstances: *Grant* v. *Beard*, 50 N. H. 129, 132; *Hazelton* v. *Batchelder*, 44 N. H. 40; *Miller* v. *Ahrens*, 163 Fed. Rep. 870, 877; *Belcher* v. *Manchester B'ld'g & Loan Ass'n*, 74 N. J. Law, 833,—67 Atl. Rep. 399, 401.

YOUNG, J.   It is conceded that the plaintiff cannot recover unless there is evidence from which it can be found that the defendants either held their president out as having authority to employ the plaintiff or that they ratified the contract he made with the plaintiff.   There is no evidence from which it can be found that the defendants' president was accustomed to manage their affairs as he saw fit; that they ever did any business before the transaction in question; or that the presidents of mining corporations usually have authority to manage the companies' property as they do their own; consequently it cannot be found that the defendants held their president out as having authority to employ the plaintiff to sell their mine.

If the evidence on which the plaintiff relies to prove ratification tends to the conclusion that the defendants knew their president was trying to sell their mine, it has no tendency to prove that they either knew or ought to have known that he employed the plaintiff to sell it.

The contents of the letter from Dane to the defendants' president was not in evidence and there was no testimony that it contained any reference to the contract in question.   The fact the defendants authorized their president to sell their mine to the New Hampshire Milling Company for a fixed price has no tendency to prove that they knew he had employed the plaintiff to sell it.   Since it cannot be found that the defendants either knew or ought to have known of this contract before the mine was sold, it cannot be found that they ratified it.

*Exception overruled.*

All concurred.